[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15803
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20159-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIDGE JUNIOR DARBOUZE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Edwidge Darbouze of all five counts of a superseding

indictment: attempting to receive child pornography, in violation of 18 U.S.C.

§§ 2252(a)(2) and (b)(1) (Counts 1 and 2); possession of a Compaq desktop computer containing child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Count 3); possession of a Polaroid Micro SD Card 32GB containing child pornography, including a visual depiction of a minor under 12, in violation of §§ 2252(a)(4)(B) and (b)(2) (Count 4); and possession of a Samsung Galaxy cellular telephone containing child pornography, including visual depiction of a minor under 12, in violation of §§ 2252(a)(4)(B) and (b)(2) (Count 5).

After the District Court sentenced Darbouze to concurrent prison terms of 135 months and supervised release terms of 120 months, he lodged this appeal. He challenges his convictions on two grounds. First, he contends that the District Court abused its discretion under Federal Rule of Evidence 403 when it allowed the Government to introduce into evidence eight screen shots and one video of child pornography. Second, he asserts that the District Court abused its discretion in admitting Homeland Security Special Agent Deborah Trajkovic's testimony that Evans Darbouze told her that he did not know how to use peer-to-peer file sharing. We find no abuse of discretion in either instance and accordingly affirm Darbouze's convictions.

I.

Federal Rule of Evidence 403, Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons, states: "The court may exclude

2

relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Darbouze argues that the District Court abused its discretion in admitting the eight screen shots and one video of child pornography because he had previously stipulated that these items contained images of prepubescent minors.  Moreover, he argues, their prejudicial value was substantial because images of minors engaged in sexually explicit activity would normally cause a juror to find guilt in order to hold someone accountable.

This Court reviews a district court's evidentiary rulings for a clear abuse of discretion, only reversing if the "resulting error affected the defendant's substantial rights." *United States v. Tinoco*, 304 F.3d 1088, 1119 (2002).  "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Id.* at 1120 (quotation marks and alterations omitted).  In short, we consider the evidence in a light most favorable to admission, "maximizing its probative value and minimizing its undue prejudicial impact." *States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003). Photographs of child pornography may be probative to show: 1) the images are child pornography, 2) the defendant knew they were child pornography, 3) the defendant intended to collect child pornography, or 4) that the pornography

3

crossed state lines. *Id.* at 899.  Absent a stipulation that the defendant knew he was in possession of child pornography, a district court does not abuse its discretion when it finds that the risk of injecting emotions into the decision-making process does not substantially outweigh the probative value of the images. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010).

We find no abuse here.  Darbouze did not stipulate that he knew the images were child pornography.  Furthermore, the District Court took pains to limit the prejudicial effect by limiting the number of images shown, and striking from the venire for cause those jurors who said they could not be fair and impartial after viewing the images.

## II.

The pornographic evidence the Government introduced at Darbouze's trial came from a search of the two-bedroom apartment where he was living with his parents and his brother, Evans.  His parents slept in one bedroom and he slept in the other.  Evans slept on a mattress in the living room.  Among other things, the search disclosed a Compaq desktop computer in the living room with approximately fourteen videos of child pornography, and a cellphone charging on the floor beside Darbouze's bed containing a micro SD card with approximately fifteen videos of child pornography on it.

4

Agent Trajkovic interviewed Darbouze[1] and Evans after she and ten other agents finished searching the apartment. At trial, on the prosecutor's direct examination, she recounted what took place during the search and the subsequent interviews. On cross-examination, defense counsel turned to Agent Trajkovic's interaction with Evans:

Q. And before you interviewed Edwidge Junior, you interviewed Evans Darbouze, okay?

A. Yes.

Q. So I want to talk to you about some of the things he told you that you didn't necessarily follow up on or investigate, okay? Evans Darbouze told you he had never seen child pornography in his life, right?

[PROSECUTOR]: Objection, hearsay.

[DEFENSE COUNSEL]: It's not for the truth.

THE COURT: The objection is overruled. I'll allow it.

The cross-examination then continued, during which the Agent Trajkovic said that Evans denied watching child pornography. After defense counsel asked her if she had considered whether Evans was the one to download child pornography, Agent Trajkovic responded, "we basically had ruled out Evans Darbouze because when he was asked about his use of the computer and his knowledge about P2P network and P2P software—." At that point, defense

---

[1] Darbouze spoke to Agent Trajkovic after receiving an advice of rights and waiving his right to remain silent.

counsel interjected, "I'm not asking you about that, Special Agent Trajkovic, and I'm going to stop you because there's certain rules. What I'm asking is, you took him at his word when he told you that statement." She then responded, "No, I didn't."

On redirect examination, when the prosecutor asked the agent if Evans "[w]as . . . asked whether he had ever downloaded child pornography," defense counsel said: "Your Honor, as long as this isn't being introduced for the truth." The court stated, "Yes, it's—," and the prosecutor clarified, "It's not." But after the prosecutor asked, "did he say whether he had ever used peer-to-peer file sharing," defense counsel objected, "hearsay, Sixth Amendment, and beyond the scope." The court overruled the objection, and the agent stated: "he said that he didn't know how to use peer-to-peer. He didn't know what file sharing was."

Darbouze contends that Evans's statement to Agent Trajkovic that he "didn't know how to use peer-to-peer file sharing" constituted rank hearsay and, moreover, was "testimonial" and thus inadmissible under the Sixth Amendment's Confrontation Clause.[2] We disagree. First, defense counsel opened the door by intimating that the government's investigation was unreasonably narrow for not focusing on Evans. The prosecution was entitled to rehabilitate the witness by eliciting the reasoning behind her investigative decisions.

---

[2] The Sixth Amendment states, in part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

Second, it is clear from the context that neither side sought to use Evans' statements for their truth. When the prosecutor objected on hearsay grounds to defense counsel's cross-examination of the agent as to what Evans had told her, defense counsel was quick to say that she was not introducing Evans's statements "for the truth." The court agreed and therefore overruled the prosecutor's objection. The court made the same ruling when the prosecutor engaged in similar questioning on redirect examination, and this ruling was proper for the same reasons. In both cases, Evans' statements did not come in for the truth, but to explain why Agent Trajkovic focused the investigation as she did. Defense counsel had opened the door on cross-examination and effectively invited the prosecutor to ask the question at issue.

In sum, because the challenged answer was not introduced for the truth of its contents, Darbouze's hearsay and Confrontation Clause challenges fail. *See* Fed. R. Evid. 801(c); *Crawford v. Washington*, 541 U.S. 36, 59 n.9, 124 S. Ct. 1354, 1369 n.9, 158 L. Ed. 2d 177 (2004) ("The Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

AFFIRMED.